PRESTON EASLEY, ESQ./Cal. SBN 108347
(maritime@earthlink.net)
PETER YOVANOVICH, ESQ./Cal. SBN 305794
(max@prestoneasley.com)
LAW OFFICES OF PRESTON EASLEY APC
2500 Via Cabrillo Marina, Suite 106
San Pedro, California 90731-7724
Telephone:  (310)832-5315
Facsimile:  (310)832-7730

Attorneys for Plaintiff
           RODERICK NAVARRO

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK NAVARRO,<br><br>          Plaintiff,<br>     v.<br><br>UNITED STATES OF AMERICA; AMERICAN SCAFFOLD HOLDINGS, INC.; and INTERNATIONAL MARINE AND INDUSTRIAL APPLICATORS, LLC,<br><br>          Defendants. | Case No.:  '21CV1820 MMA NLS<br><br>COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL |

COMES NOW PLAINTIFF RODERICK NAVARRO and complains of defendants, and each of them, and alleges:

///

1. At all times relevant herein plaintiff RODERICK NAVARRO was an electrician employed by National Steel and Shipbuilding Company in San Diego, California.

2. The true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise, of defendants UNITED STATES OF AMERICA ("USA"); AMERICAN SCAFFOLD HOLDINGS, INC. ("AMERICAN"); and INTERNATIONAL MARINE AND INDUSTRIAL APPLICATORS, LLC ("IMIA") are unknown to plaintiff who therefore sues said defendants by such fictitious names. The full extent of the facts linking such fictitiously sued defendants is unknown to plaintiff. Plaintiff is informed and believes, and thereupon alleges, that each of the defendants designated herein was, and is, negligent, or in some other actionable manner, responsible for the events and happenings hereinafter referred to, and thereby negligently, or in some other actionable manner, legally and proximately caused the hereinafter described injuries and damages to plaintiff. Plaintiff will hereafter seek leave of the Court to amend this Complaint to show the defendants' true names and capacities after the same have been ascertained.

3. Plaintiff is informed and believes, and thereupon alleges, that at all times relevant herein defendants, and each of them, including UNITED STATES OF AMERICA; AMERICAN SCAFFOLD HOLDINGS, INC.; and

INTERNATIONAL MARINE AND INDUSTRIAL APPLICATORS, LLC, were agents, servants, employees, employers, successors in interest, and/or joint venturers of their co-defendants, and were, as such, acting within the course, scope, and authority of said agency, employment, and/or venture, and that each and every defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other defendant as an agent, servant, employee, successor in interest, and/or joint venturer.

4. Defendant UNITED STATES OF AMERICA ("USA") is a sovereign which has consented to be sued herein under the Suits in Admiralty Act, 46 U.S.C. Sec. 741-752, and the Public Vessels Act, 46 U.S.C. Sec. 781-790.

5. Federal jurisdiction in this action with regard to defendant UNITED STATES OF AMERICA is based on the Suits In Admiralty Act, 46 U.S.C. Sec. 781-790; the Public Vessels Act, 46 U.S.C. Sec. 781-790, admiralty, 28 U.S.C. Sec. 1333 and the General Maritime Law.  Plaintiff RODERICK NAVARRO, and at all times relevant herein, was a resident of the City of San Diego, County of San Diego, State of California.

6. Plaintiff is informed and believes, and thereon alleges, that defendant AMERICAN SCAFFOLD HOLDINGS, INC. is, and at all times herein relevant was, a California corporation with its principal place of business in the City of San Diego, County of San Diego, State of California.  Plaintiff is

informed and believes, and thereon alleges that defendant AMERICAN SCAFFOLD HOLDINGS, INC. is authorized to do, has regularly and lawfully done, and is doing business within the County of San Diego, State of California, and has systematically conducted business on a regular basis in the State of California, under and by virtue of the laws of the State of California. Federal jurisdiction exists as to defendant AMERICAN SCAFFOLD HOLDINGS, INC. under admiralty, 28 U.S.C. Sec. 1333.

7.   Plaintiff is informed and believes, and thereon alleges, that defendant INTERNATIONAL MARINE AND INDUSTRIAL APPLICATORS, LLC is, and at all times herein relevant was, a Florida corporation.  Plaintiff is informed and believes, and thereon alleges that defendant INTERNATIONAL MARINE AND INDUSTRIAL APPLICATORS, LLC is authorized to do, has regularly and lawfully done, and is doing business within the County of San Diego, State of California, and has systematically conducted business on a regular basis in the State of California, under and by virtue of the laws of the State of California.  IMIA is a citizen of the State of Florida.  Federal jurisdiction exists as to defendant INTERNATIONAL MARINE AND INDUSTRIAL APPLICATORS, LLC under diversity, 28 U.S.C. Sec. 1332 and admiralty.  The amount in controversy exceeds $75,00.00, exclusive of costs and interest.

8. At all times relevant herein plaintiff's employer, National Steel and Shipbuilding Company, was providing repair services aboard the USS BONHOMME RICHARD (LHD-6).

9. At all times relevant herein defendant UNITED STATES OF AMERICA owned and operated the vessel USS BONHOMME RICHARD (LHD-6) which it managed, operated and controlled in coastwise, intercoastal and foreign navigation.

10. On or about January 21, 2020, plaintiff RODERICK NAVARRO suffered severe and disabling injuries when he tripped over an unmarked horizontal scaffold brace very low to the deck in Upper Vehicle Port on the USS BONHOMME RICHARD (LHD-6) which was in navigable waters in San Diego Harbor, California at Naval Base, San Diego, also known as 32nd Street Naval Base. Defendants, and each of them, breached their duty to turn over the vessel to plaintiff and his co-workers in such condition that an expert and experienced ship repairman could carry out repair operations with reasonable safety to persons and property. Defendants, and each of them, breached their duty to warn plaintiff of a hidden danger in his work space. Defendants, and each of them, breached their duty to exercise due care to avoid exposing plaintiff to harm from hazards he may encounter in areas or from equipment under the active control of the defendants, and each of them, during repair operations. Defendants, and each of them, breached their duty to properly conduct required daily safety inspections (also

known as fire and housekeeping inspections) in a non-negligent manner and ensure that corrective measures were taken to remove or barricade and place caution signs and orange cones around subject horizontal bar and intervene to correct the hazard. Defendants, and each of them, breached their duty to exercise reasonable care under the circumstances.

11. Furthermore defendants, and each of them, negligently erected and/or caused and/or allowed scaffolding to block the access to plaintiff's tool locker. Plaintiff tripped and fell while walking toward his tool locker.

12. Furthermore defendants, and each of them, negligently caused and/or allowed debris to block all means of safe access to plaintiff's tool locker, thereby causing plaintiff to walk under said scaffold and trip over an unmarked scaffold brace while trying to get to his tool locker.

13. The defendants, and each of them, breached their duty to exercise reasonable care under the circumstances and properly conduct their contractually mandated daily safety inspections in a non-negligent manner and correct the safety hazards which caused plaintiff's accident.

14. At all times relevant herein defendants, and each of them, controlled the area and equipment where plaintiff's accident occurred and negligently exercised that control.

15. At all times relevant herein defendants AMERICAN and IMIA provided repair services aboard the USS BONHOMME RICHARD (LHD-6) which was in navigable waters in San Diego Harbor, California, at Naval Base San Diego, also known as 32nd Street Naval Base.

16. As a direct, legal and proximate result of the careless and negligent conduct of the defendants, and each of them, plaintiff was hurt and injured in his health, strength and activity, sustaining serious injuries, all of which injuries have caused, and continue to cause, plaintiff great mental, physical and nervous pain and suffering and loss of enjoyment of life, both past and future, in an amount to be proven at trial. Plaintiff is informed and believes and thereon alleges that such injuries will result in permanent disability to him.

17. As a direct, legal and proximate result of the careless and negligent conduct of the defendants, and each of them, plaintiff has incurred and will continue to incur medical and related expenses, the full amount of which is not known to plaintiff at this time, and plaintiff will move to amend this complaint to state such amount when the same becomes known to him, on proof thereof. The amount of plaintiff's past and future medical expenses will be proven at trial.

18. As a direct, legal and proximate result of the careless and negligent conduct of the defendants, and each of them, plaintiff's earning capacity has been greatly impaired, both past and future, and plaintiff has suffered and will continue

to suffer a loss of wages, fringe benefits, wage earning capacity and ability to perform household services, both past and future, in an amount which will be proven at trial.

### PRAYER

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as follows:

1. For general damages, according to proof;

2. For damages for medical and related expenses, both past and future, according to proof;

3. For damages for lost earnings, both past and future, and loss of earning capacity and fringe benefits and loss of ability to perform household services, both past and future, according to proof;

4. For costs of suit herein incurred; and

5. For such other and further relief as the Court may deem proper.

Date: October 25, 2021          s/Preston Easley
                                PRESTON EASLEY
                                Attorney for Plaintiff
                                RODERICK NAVARRO

## DEMAND FOR JURY TRIAL

Plaintiff Roderick Navarro hereby demands a trial by jury in this action.

Date: October 25, 2021

s/Preston Easley
PRESTON EASLEY
Attorney for Plaintiff
RODERICK NAVARRO